AUSA: Ariana Bloom

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **25 MAG 1623** |
| UNITED STATES OF AMERICA<br><br>v.<br><br>MALACHI CELESTINE, and<br>JAMES COLES,<br><br>                              Defendants. | <u>SEALED COMPLAINT</u><br><br>Violations of 18 U.S.C. §§ 922(a)(3),<br>922(g)(1), 932(b)(1), 933(a)(3), and 2<br><br>COUNTY OF OFFENSE:<br>BRONX |

SOUTHERN DISTRICT OF NEW YORK, ss.:

Kylie A. Welsh, being duly sworn, deposes and says that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

### COUNT ONE
### (Firearms Trafficking Conspiracy)
### (CELESTINE AND COLES)

1.      From at least in or about December 2023 through at least in or about July 2024, in the Southern District of New York and elsewhere, MALACHI CELESTINE and JAMES COLES, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit firearms trafficking, in violation of Title 18, United States Code, Sections 933(a)(1) and 933(a)(2).

2.      It was a part and an object of the conspiracy that MALACHI CELESTINE and JAMES COLES, the defendants, and others known and unknown, would and did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to another person in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Title 18, United States Code, Section 932(a)), in violation of Title 18, United States Code, Section 933(a)(1), to wit, CELESTINE and COLES agreed to have COLES transfer firearms to CELESTINE and to have CELESTINE receive firearms from COLES, both of them knowing and having reasonable cause to believe that CELESTINE was an individual for whom possession of a firearm was a prohibited felony under Title 18, United States Code, Section 922(g)(1).

3.      It was further a part and an object of the conspiracy that MALACHI CELESTINE and JAMES COLES, the defendants, and others known and unknown, would and did receive from another person a firearm in and otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(2), to wit, CELESTINE and COLES agreed to have COLES transfer firearms to CELESTINE and to have CELESTINE receive firearms from COLES, both of them knowing and having reasonable cause to believe that

CELESTINE was an individual for whom possession of a firearm was a prohibited felony under Title 18, United States Code, Section 922(g)(1).

(Title 18, United States Code, Section 933(a)(3))

## COUNT TWO
### (Straw Purchasing Conspiracy)
### (CELESTINE AND COLES)

4.      From at least in or about December 2023 through at least in or about July 2024, in the Southern District of New York and elsewhere, MALACHI CELESTINE and JAMES COLES, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit straw purchasing of firearms, in violation of Title 18, United States Code, Section 932(b)(1).

5.      It was a part and an object of the conspiracy that MALACHI CELESTINE and JAMES COLES, the defendants, and others known and unknown, would and did knowingly purchase a firearm in and otherwise affecting interstate and foreign commerce for, on behalf of, and at the request and demand of any other person, knowing and having reasonable cause to believe that such other person met the criteria of one and more paragraphs of Title 18, United States Code, Section 922(d), to wit, CELESTINE, COLES, and another agreed to have COLES purchase firearms for CELESTINE, knowing and having reasonable cause to believe that CELESTINE had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

(Title 18, United States Code, Section 932(b)(1))

## COUNT THREE
### (Interstate Transportation and Receipt of Firearms)
### (CELESTINE)

6.      From at least in or about December 2023 through at least in or about July 2024, in the Southern District of New York and elsewhere, MALACHI CELESTINE, the defendant, not being a licensed importer, licensed manufacturer, licensed dealer, and licensed collector of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly did transport into and receive into his state of residence, firearms purchased and otherwise obtained by the defendant outside of his state of residence, to wit, CELESTINE transported into New York, where he then resided, firearms that he had acquired in Pennsylvania.

(Title 18, United States Code, Sections 922(a)(3) and 2)

**COUNT FOUR**
**(Aiding and Abetting Possession of Firearm After a Felony Conviction)**
**(COLES)**

7.  From at least in or about December 2023 through at least in or about July 2024, in the Southern District of New York and elsewhere, JAMES COLES, the defendant, aided and abetted the commission of an offense against the United States, to wit, COLES aided and abetted MALACHI CELESTINE, the defendant's, possession of a firearm after a felony conviction, in violation of Title 18, United States Code, Section 922(g)(1), in that COLES provided firearms, including a KelTec model P3AR 380 cal pistol, a Glock 9mm pistol, and a Sig Sauer, Model P238 .380 caliber pistol, to CELESTINE, and CELESTINE, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed those firearms, and those firearms were in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

8.  I have been involved in the investigation of this matter, and I base this Complaint on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports, recordings, photographs, communications, and records. Because this Complaint is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

Background

9.  Since in or about July 2024, ATF has been investigating MALACHI CELESTINE and JAMES COLES, the defendants, for firearms-related offenses. As set forth below, this investigation has revealed that on at least two occasions—one in or about December 2023 and another in or about July 2024—CELESTINE and COLES conspired with one another, and with others known and unknown, to have COLES purchase firearms for CELESTINE from a gun store in Stroudsburg, Pennsylvania (the "Stroudsburg Gun Store"), and CELESTINE brought at least one of those guns back to the Bronx, New York, where he then resided.

Identifying Information Regarding CELESTINE'S Cellphones and Cellphone Number

10. Based on my participation in this investigation, my conversations with other law enforcement officers, and my review of law enforcement documents and records, I know the following:

    a.  On or about July 26, 2024, an iPhone 11 Pro with a particular international mobile equipment identity ("IMEI") number ("CELESTINE Cellphone-1") was seized from MALACHI CELESTINE, the defendant, incident to an arrest of CELESTINE, discussed further in Paragraphs 28 and 29, *infra*, (the "July 2024 Arrest"). On or about August 13, 2024, law enforcement officers obtained a warrant issued in the Southern District of New York to search CELESTINE Cellphone-1.

3

    b. In recorded jail calls that CELESTINE placed on or about July 28, 2024, July 29, 2024, July 30, 2024, July 31, 2024, August 2, 2024, and August 3, 2024, CELESTINE mentioned a second cellphone that law enforcement officers had not yet recovered and that was in the possession of his sister, who lived at a particular address ("Address-1"). On or about September 12, 2024, law enforcement officers obtained a warrant issued in the Southern District of New York to search the residence located at Address-1 for the second cellphone and to search the second cellphone, if it was ultimately recovered. During a search of the residence at Address-1, on or about September 13, 2024, law enforcement officers recovered a black Apple iPhone 12 Pro Max with a particular IMEI number in a black case with a letter "M" sticker ("CELESTINE Cellphone-2").

  11. Based on my review of CELESTINE Cellphone-1, I know that as of the date it was searched, CELESTINE Cellphone-1 was assigned two phone numbers. MALACHI CELESTINE, the defendant, appeared to send text messages from CELESTINE Cellphone-1 using one of those numbers (the "CELESTINE Cellphone Number").

  12. Based on my review of CELESTINE Cellphone-2, I know that as of the date it was searched, CELESTINE Cellphone-2 also was assigned the CELESTINE Cellphone Number.

<u>Identifying Information Regarding JAMES COLES's Cellphone Number</u>

  13. Based on my review of documents and records obtained from the Stroudsburg Gun Store, I know that JAMES COLES, the defendant, provided a particular phone number (the "COLES Phone Number") to the Stroudsburg Gun Store in connection with a July 19, 2024 purchase of firearms discussed further in Paragraphs 22 through 27, *infra*.

  14. Based on my participation in a recorded interview of JAMES COLES, the defendant, that ATF conducted on or about March 27, 2025 (the "March 2025 COLES Interview"), discussed further in Paragraphs 30 through 31, *infra*, and my review of a recording from the same, I know the following:

    a. During the March 2025 COLES interview, COLES provided law enforcement officers with his phone number. The phone number COLES provided during the March 2025 COLES Interview was the same phone number that COLES had provided to the Stroudsburg Gun Store in connection with his purchase of two firearms on or about July 19, 2024, that is, the COLES Phone Number.

    b. During the March 2025 COLES Interview, COLES noted that MALACHI CELESTINE, the defendant, was his stepson and explained that he (COLES) was married to CELESTINE's mother.

  15. Based on my review of CELESTINE Cellphone-1, I know that CELESTINE Cellphone-1 includes contact information for an individual listed in CELESTINE Cellphone-1 as "Step Pops." The phone number associated with "Step Pops" is the COLES Phone Number.

4

Planning of the December 2023 Purchase

16.	Based on my review of documents and records acquired from a search of CELESTINE Cellphone-2, I know the following:

a.	On or about December 23, 2023, at approximately 1:42 p.m., MALACHI CELESTINE, the defendant, sent a text message to JAMES COLES, the defendant, at the COLES Phone Number, that said the following:

> RUGER LCP 380 ACP 2" Barrel
> 9MM PISTOL
> $199.95
> 128500
>
> RUGER LCP II 380 ACP 2.75" BARREL
> 380 ACP
> Pistol
> $189.95
> 128484[1]

At approximately the same time, CELESTINE sent a second text message to COLES that said, "These are the two."

b.	On or about December 23, 2023, at approximately 3:23 p.m., CELESTINE followed up with another text message to COLES that said "Lmk [let me know] if they have them." COLES responded, "Ok will do" and "I'm about to go outside in about an hour." At approximately 6:09 p.m., COLES sent CELESTINE two text messages indicating, in substance and in part, that COLES had gone to a store and inquired about the store's "used inventory." CELESTINE responded, "Ok so what day should I Kome up . . . that would be best for you[?]"

c.	On or about December 24, 2023, at approximately 12:19 p.m., another individual ("CC-1") texted CELESTINE from a particular phone number (the "CC-1 Phone Number") saying, "your step daddy reached out?" At approximately 12:25 p.m., CELESTINE replied, "imma kall him inna sec."

d.	On or about December 24, 2023, at approximately 1:16 p.m., CELESTINE sent two text messages to COLES, at the COLES Phone Number. The first text message said, "Imma Kome up there with my bousin . . . he buying it for me ion got the bread."[2] The second text message said, "We trynna see when should we Kome up[.]" COLES, using the

---

[1] Based on my training and experience, I know that a Ruger LCP and a Ruger LCP II are semiautomatic pistols.

[2] Based on my training and experience, I know that "bousin" is a slang term for a close friend. Based on my training and experience, I further know that "ion got the bread" is a slang phrase that means "I don't have the money."

COLES Phone Number, replied "They close tomorrow you can come Tues or Wed or anytime next week."

    e.  On or about December 24, 2023, at approximately 1:19 p.m., CELESTINE texted CC-1, saying "He said they closed Tmm so Kome up Tuesday or Wednesday." CELESTINE and CC-1 then exchanged several messages discussing whether to go on Tuesday or Wednesday, including one in which CC-1 said, "Parole on Tuesday."[3] At approximately 6:07 p.m., CELESTINE sent CC-1 a text message with contact information for a transportation company based in Hazelton, Pennsylvania and said, "From ny to 305 wawas."[4]

The December 27, 2023 Purchase

  17.  Based on my review of documents and records acquired from a judicially authorized search of CELESTINE Cellphone-2, I know the following:

    a.  On or about Tuesday, December 26, 2023, at approximately 8:38 a.m., CC-1 sent a text message to MALACHI CELESTINE, the defendant, that said "I'm On my way! To you now" and another that said, "On the 4 train now." Between 5:08 p.m. and 6:39 p.m. that same day, CC-1 and CELESTINE exchanged several text messages indicating that they were traveling together. For example, CC-1 said, "I have to use the bathroom," and CELESTINE responded, "Hold it until next stop." When CC-1 asked what the next stop was, CELESTINE replied, "I gotta see the next exit to tell you." At approximately 6:24 p.m., CELESTINE sent a text message to CC-1 indicating, in substance and in part, that they were five to ten minutes away from their destination and mentioning the traffic. At approximately 6:39 p.m., CELESTINE sent a text message to CC-1 saying, "we getting off rn."

    b.  On or about the same day, December 26, 2023, JAMES COLES, the defendant, and CELESTINE exchanged several text messages about when CELESTINE would be arriving in Pennsylvania. At approximately 5:09 CELESTINE texted COLES saying, "we on the 5 o clock . . . Van rn[.]" At approximately 6:28 p.m., CELESTINE texted COLES saying "We just entered Stroudsburg."

    c.  On or about the following day, December 27, 2023, at approximately 11:42 a.m., COLES sent a text message to CELESTINE that said, "Keltec $189 brand new."[5]

    d.  On or about December 27, 2023, at approximately 11:42 a.m., COLES

---

[3] Based on my review of criminal history records, I have learned that, as of on or about December 24, 2023, CC-1 was on parole for attempted criminal possession of a weapon in the second degree, in violation of New York State Penal Law, Section 265.03.

[4] Based on my participation in this investigation and information gathered from publicly available sources, I understand "305 wawas" to refer to a convenience store located near I-80, Exit 305 in Stroudsburg, Pennsylvania.

[5] Based on my training and experience, I know that KelTec is a firearms manufacturer and that a "Keltec" is typically a reference to a firearm manufactured by KelTec.

sent CELESTINE a text message containing three photographs of firearms (shown below), including KelTec model P3AT 380 cal pistols, that appear to be in the Stroudsburg Gun Store's display case. Based on metadata from the photographs, I know that the photographs were taken inside the Stroudsburg Gun Store. CELESTINE responded with a text message that said, "It's a 380" and another that asked, in substance and in part, whether the store had a Ruger LCP, the firearm CELESTINE had described in a text message to COLES on or about December 23, 2023.[6] COLES responded, "Was crowded when I was there couldn't talk to the guy at the counter."





   e. On or about December 27, 2023, at approximately 12:53 p.m., CELESTINE sent COLES two text messages saying, "Get food for it aswell [sic]" and "Just a box is good." Based on my training and experience, I know that "food" is a slang term for ammunition, which is often sold by the box.

   f. On or about December 27, 2023, at approximately 12:59 p.m., COLES sent CELESTINE a text message saying, "Take a pic of what else the[n] I'll go to the car." At 1:00 p.m., CELESTINE sent COLES a message saying, "Those two is fine." Also at approximately the same time, CELESTINE sent COLES a text message saying, "Don't give us [t]he change [h]old it" and another saying, "Then pass it to me."

   g. One minute later, at approximately 1:02 p.m. on or about December 27, 2023, CELESTINE sent COLES the below photograph of an item that, based on my training and experience, I know is an extended magazine. Based on metadata from the below photograph, I know that the below photograph was taken inside the Stroudsburg Gun Store at approximately 11:46 a.m. on or about December 27, 2023, indicating that CELESTINE was inside the Stroudsburg Gun Store around the same time as at least the text message exchanges described in Paragraphs 17(c) and 17(d), *supra*.

---

[6] *See supra*, Paragraph 16(a).

7



h.      On or about December 27, 2023, at approximately 1:20 p.m., CELESTINE sent COLES a message that said, "Just those two and food is good."

i.      On or about December 27, 2023, at approximately 3:09 p.m., CELESTINE sent COLES a text message saying, "[w]e got the 4:30 bus going back to ny at 305 Wawa."

j.      On or about December 27, 2023, at approximately 6:02 p.m., CELESTINE sent COLES a text message saying, "I was saying you ain't have to pass it right then in there to just pass it when we get to the house."

k.      At approximately 6:33 p.m. on or about December 27, 2023, CELESTINE sent a text message to another number saying, "just got back to ny I'm 10 mins from my brib." Based on my training and experience, I understand "I'm 10 mins from my brib" to mean that CELESTINE was approximately ten minutes away from his home, which as described in Paragraph 31, *infra*, I know to be in the Bronx, New York.

18.     Based on my review of records, including gun purchase records maintained by ATF, I have learned, among other things, that JAMES COLES, the defendant, purchased two KelTec model P3AR 380 cal pistols bearing serial number H8G31 & JHG58 (the "KelTec Pistols") from the Stroudsburg Gun Store on or about December 27, 2023.

19.     Based on my review of the foregoing, I believe that on or about December 27, 2023, MALACHI CELESTINE, the defendant, was in the Stroudsburg Gun Store and was communicating with JAMES COLES, the defendant, in substance and in part, about what items CELESTINE wanted COLES to purchase for CELESTINE from the Stroudsburg Gun Store, and that, thereafter on or about December 27, 2023, COLES in fact purchased the KelTec Pistols from the Stroudsburg Gun Store to give to CELESTINE.

<u>Planning of the July 19, 2024 Purchase</u>

20.     Based on my review of documents and records acquired from a judicially

authorized search of CELESTINE Cellphone-1, I know the following:

        a.        On or about July 15, 2024, between approximately 9:50 p.m. and 10:05 p.m., MALACHI CELESTINE, the defendant, using Cellphone-1, sent text messages to the COLES Phone Number that said, "Think I Kan Kome upgrade?" and "Think they have glocks there[?]" JAMES COLES, the defendant, replied with a text message that said, in substance and in part, that he believed the store should have Glocks.

        b.        On or about July 15, 2024, at approximately 10:06 p.m., CELESTINE sent a text message to COLES saying, "Yes I want that I have 650 for what Eva." COLES replied, in substance and in part, that he would check on what the store had after work and would send CELESTINE pictures.

        c.        Between on or about July 15, 2024 and on or about July 16, 2024, CELESTINE sent the following text messages to COLES: (1) a text message saying, in substance and in part, that even if the store did not have Glocks, he wanted to get something, (2) a text message asking COLES about the website for the Stroudsburg Gun Store, (3) a text message in which CELESTINE suggested, in substance and in part, that COLES should go to the store after work and take pictures "of all used for me under 300," and (4) a text message asking COLES when CELESTINE could come (presumably to Pennsylvania). COLES replied telling CELESTINE, in substance and in part, that almost everything was on the store's website. COLES also responded sharing a link to the Stroudsburg Gun Store's website. COLES then told CELESTINE he could come Thursday (*i.e.*, July 18, 2024) or Friday (*i.e.*, July 19, 2024). CELESTINE responded, "Ok I'll be there Thursday nd [sic] I'll leave Friday."

        21.        Based on GPS location data acquired from CELESTINE Cellphone-1, I know that CELESTINE Cellphone-1 was located in the Bronx, New York when MALACHI CELESTINE and JAMES COLES, the defendants, sent and received the text messages described in Paragraphs 20(a) through (c), *supra*.

The July 19, 2024 Purchase

        22.        Based on GPS location data acquired from CELESTINE Cellphone-1, I know that CELESTINE Cellphone-1 traveled from the Bronx, New York to Pennsylvania on or about July 18, 2024, and CELESTINE Cellphone-1 entered Stroudsburg between approximately 3:15 p.m. and 4:00 p.m. on or about July 18, 2024.

        23.        Based on my review of documents and records acquired from a search of CELESTINE Cellphone-1, I know the following:

        a.        On or about July 18, 2024, MALACHI CELESTINE and JAMES COLES, the defendants, exchanged several text messages about which bus CELESTINE was going to take (presumably to Pennsylvania). At approximately 1:30 p.m., on or about July 18, 2024, CELESTINE sent a text message to COLES informing COLES that CELESTINE was taking the 3:00 p.m. bus. At approximately 4:56 p.m. on or about the same day, CELESTINE texted COLES saying, "I'm at wawa now."

    b. On or about Friday, July 19, 2024, at approximately 2:10 p.m., CELESTINE sent a text message to COLES containing the below image of a Glock 9mm pistol. The tag on the pistol bore the name of the Stroudsburg Gun Store.



    c. On or about July 19, 2024, at approximately 2:17 p.m., that is, approximately seven minutes later—CELESTINE sent a text message to COLES that said, "Kan gt the 33 round aswell [sic] bc it fits that glock 19."

  24. Based on my review of surveillance footage captured from the interior and exterior of the Stroudsburg Gun Store and from the exterior of a restaurant (the "Restaurant") located approximately 157 feet from the Stroudsburg Gun Store, I know the following:

    a. On or about July 19, 2024, at approximately 2:13 p.m.—three minutes before MALACHI CELESTINE, the defendant, sent JAMES COLES, the defendant, the photograph of the Glock shown in Paragraph 23(b), *supra*—an individual resembling COLES approached the gun counter at the Stroudsburg Gun Store and began taking pictures of firearms with his cellular device. The below image is a still image captured from surveillance footage at the Stroudsburg Gun Store that shows the individual resembling COLES photographing firearms in the Stroudsburg Gun Store's display case.



b. On or about July 19, 2024, surveillance footage shows the individual resembling COLES purchasing firearms and to exiting the Stroudsburg Gun Store holding a bag.

c. At approximately the same time, an individual resembling CELESTINE, who had been lingering outside the Restaurant, looked at his cellular device and proceeded towards the Stroudsburg Gun Store. The image on the left below is a still image of the individual resembling CELESTINE captured from surveillance footage of the area outside of the Restaurant at approximately 2:56 p.m. on or about July 19, 2024. The image on the right below is a photograph of CELESTINE from the July 2024 Arrest of CELESTINE, discussed further in Paragraphs 28 & 29, *infra*. As shown below, the individual in the image on the left appears to have the same identifiable tattoo on his neck as CELESTINE.



d. At approximately 2:57 p.m. on or about July 19, 2024, the individual resembling COLES walked through the parking lot of the Stroudsburg Gun Store and entered the

11

driver's side of a black Hyundai SUV (the "Black Hyundai") holding the bag from the Stroudsburg Gun Store. At approximately the same time, the individual resembling CELESTINE entered the Black Hyundai through its rear passenger door. The images below are still images captured from surveillance footage of the outside of the Stroudsburg Gun Store. The image on the left shows the individual resembling COLES getting into the driver's seat of the Black Hyundai, and the image on the right shows the individual resembling CELESTINE getting into the rear passenger seat of the Black Hyundai.




25.     Based on my review of records, including gun purchase records maintained by ATF and by the Stroudsburg Gun Store, I have learned, among other things, that JAMES COLES, the defendant, in fact purchased two firearms—a Glock, Model 19, 9mm pistol, bearing serial number CDDC649 (the "Glock Pistol") and a Sig Sauer, Model P238, .380 caliber pistol, bearing serial number 27B134844 (the "Sig Sauer Pistol")—from the Stroudsburg Gun Store on or about July 19, 2024 at approximately 2:56 p.m.

26.     Based on my review of the internet search history extracted from CELESTINE Cellphone-1, I know that on or about July 19, 2024, at approximately 4:24 p.m., the user of CELESTINE Cellphone-1 searched the Internet for, "can sig sauer 9mm bullets fit glock."

27.     Based on GPS location data from CELESTINE Cellphone-1, I know the following:

    a.     CELESTINE Cellphone-1 was in the vicinity of the Stroudsburg Gun Store on or about July 19, 2024, during the time period when, based on the above, JAMES COLES, the defendant, shopped for and purchased the Glock Pistol and the Sig Sauer Pistol.

    b.     CELESTINE Cellphone-1 arrived back to the Bronx, New York at approximately 8:45 p.m. on or about July 20, 2024, that is, the day after COLES purchased the Sig Sauer Pistol and the Glock Pistol.

The July 2024 Arrest of CELESTINE

28.     Based on my review of law enforcement reports and my conversations with other law enforcement officers, I know that on or about July 26, 2024, law enforcement officers were conducting surveillance in the vicinity of 1691 Fulton Avenue in the Crotona Park neighborhood of the Bronx, New York at approximately 7:00 p.m. when they observed an individual later identified as MALACHI CELESTINE, the defendant, and others gathered in the vicinity of a car. Law enforcement officers were conducting surveillance in this area because it is known to be a

high-crime area with frequent reports of shootings, drug trafficking, and violence, and the New York City Police Department had previously conducted gun and drug arrests in the neighborhood. As law enforcement officers approached CELESTINE, they observed that he had a large bulge in his waistband. Law enforcement officers stopped and frisked CELESTINE, recovering a loaded black Glock 19 semi-automatic pistol with an extended magazine containing 20 rounds. A photograph of the Glock 19 Firearm and extended magazine is depicted below:



29.     Based on my review of records, including gun purchase records maintained by ATF, I have learned, among other things, that the firearm recovered from MALACHI CELESTINE, the defendant, on or about July 26, 2024, in the Bronx, New York was the Glock Pistol, that is, it was the same firearm that JAMES COLES, the defendant, purchased from the Stroudsburg Gun Store on or about July 19, 2024, that is, approximately seven days before the July 2024 Arrest of CELESTINE.

The March 2025 Interview of COLES

30.     Based on my participation in this investigation and my review of an audio recording of the March 2025 COLES Interview, I know among other things, the following:

        a.     On or about March 25, 2025, law enforcement officers observed JAMES COLES, the defendant, outside of COLES's residence sitting in the driver's seat of a black Hyundai SUV, which appeared to be the same make and model as the Black Hyundai.

        b.     Law enforcement officers approached COLES outside of his residence and explained, in substance and in part, that COLES was "not in any trouble" and that they were interested in speaking with COLES about a gun registered to COLES that law enforcement had recently recovered. COLES agreed to speak with the law enforcement officers.

        c.     During the March 2025 COLES interview, COLES told law enforcement officers the following, in substance and in part:

                i.     COLES knew that MALACHI CELESTINE, the defendant, had

been arrested before and believed CELESTINE had a felony conviction. COLES said, "yeah, he's been arrested before . . . . I know he probably had a felony. I know that much."

        ii.        In December 2023, CELESTINE traveled from New York to Pennsylvania with another individual. While in Pennsylvania, CELESTINE asked COLES to purchase guns. COLES then went to the Stroudsburg Gun Store, where he purchased two guns for CELESTINE from the Stroudsburg Gun Store.

        iii.        In July 2024, CELESTINE took a bus to Pennsylvania. COLES picked him up from a bus stop in Stroudsburg Pennsylvania and drove him back to COLES's residence. CELESTINE asked COLES to "go get him some guns." COLES "eventually . . . gave in" and purchased at least one gun for CELESTINE from the Stroudsburg Gun Store.

        d.        During the March 2025 COLES Interview, law enforcement officers showed COLES the image in Paragraph 24(a), *supra*. COLES identified the individual in that image as himself.

        e.        During the March 2025 COLES Interview, law enforcement officers showed COLES the image on the left in Paragraph 24(c), *supra*. COLES identified the individual in that image as CELESTINE.

CELESTINE's State of Residence

31.        Based on my review of law enforcement documents and records, I know that law enforcement documents and records list Address-1, an address in the Bronx, New York, as MALACHI CELESTINE's, the defendant's, permanent residence. Further, CELESTINE provided Address-1 as his address in connection with the July 2024 arrest.

Interstate Firearms Nexus

32.        A Special Agent with ATF who is familiar with the manufacture of firearms and ammunition has confirmed that the above-mentioned KelTec Pistols, the above-mentioned Glock Pistol, and the above-mentioned Sig Sauer Pistol were all manufactured outside of the state of New York.

CELESTINE's Prior Felony Convictions

33.        Based on my review of criminal history records, I know that on or about December 14, 2022, MALACHI CELESTINE, the defendant, pled guilty in Westchester County Court to Attempted Criminal Possession of a Weapon in the Second Degree, in violation of New York Penal Law, Section 265.03, a Class D Felony. On or about March 29, 2023, CELESTINE was sentenced to 365 days' imprisonment.

Firearms Licensing

34.        Based on my review of records from the ATF's Federal Firearms Licensing database pertaining to gun licenses issued in Pennsylvania and New York, I know that no record or entry was found reflecting any issuance of a firearms license to MALACHI CELESTINE or

JAMES COLES, the defendants, in the period between December 1, 2023, through July 30, 2024.

WHEREFORE, I respectfully request that warrants be issued for the arrests of MALACHI CELESTINE and JAMES COLES, the defendants, and that they be arrested, and imprisoned or bailed, as the case may be.

　　　　　　　　　　　　　　　　　_Kylie A. Welsh (by VF with permission)_
　　　　　　　　　　　　　　　　　Kylie A. Welsh
　　　　　　　　　　　　　　　　　Special Agent
　　　　　　　　　　　　　　　　　Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), pursuant to Federal Rule of Criminal Procedure 4.1,

this __14__ day of May, 2025.

_____
THE HONORABLE VALERIE FIGUEREDO
United States Magistrate Judge
Southern District of New York

15